UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-GAYLES(s)(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

STEPHEN MANUEL COSTA,

        Defendant.

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Pursuant to 18 U.S.C. § 982(a)(1) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States moves for the entry of a Preliminary Order of Forfeiture against Defendant Stephen Manuel Costa ("Defendant") in the above-captioned matter. The United States seeks a forfeiture money judgment in the amount of $78 million and the forfeiture of certain real property. In support of this motion, the United States provides following factual and legal bases.

    I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 8, 2024, a federal grand jury returned a Sixth Superseding Indictment charging the Defendant in Count 3 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Sixth Superseding Indictment, ECF No. 927. The Sixth Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 10. The Indictment alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to: real property located at 7441 SW 125th Avenue,

Miami, Florida 33183 ("Property"). *See id.*

On November 14, 2024, the Court accepted the Defendant's guilty plea to Count 3 of the Sixth Superseding Indictment, among another count. *See* Minute Entry, ECF No. 1043; Plea Agreement ¶ 1, ECF No. 1044. As part of the guilty plea, the Defendant agreed to the forfeiture of the Property and a forfeiture money judgment in the amount of no more than $78 million. Plea Agreement ¶ 9, ECF No. 1044

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 1045. The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, ECF No. 1068.

## II. MEMORANDUM OF LAW

### A. Directly Forfeitable Property

All property, real or personal "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1). Property "involved in" a money laundering offense "includes that money or property which was actually laundered ('the corpus'), along with 'any commissions or fees paid to the launderer[ ] and any property used to facilitate the laundering offense.'" *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting and citing *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003)). Funds that are pooled or commingled "to facilitate or disguise [a defendant's] illegal scheme" are forfeitable. *See id.* (internal quotations omitted).

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence. *See* 18 U.S.C. § 982(a)(1). Criminal forfeiture is governed by the

preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

The Court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant," unless entering the order at that time would be "impractical." Fed. R. Crim. P. 32.2(b)(2)(B); *but see McIntosh v. United States*, 601 U.S. 330, 333, 338 (2024) ("district judge's failure to enter a preliminary order prior to sentencing does not deprive a judge of the power to order forfeiture"). And at sentencing, the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing," and then "include the forfeiture order, directly or by reference, in the judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

### B. Forfeiture Money Judgments

A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A); *see also United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). The forfeiture money judgment is final as to the defendant "[a]t sentencing—or at any time before sentencing if the defendant consents." *See* Fed. R. Crim. P. 32.2(b)(4)(A). No ancillary proceeding is required when forfeiture consists solely of a money

judgment. *See* Fed. R. Crim. P. 32.2(c)(1). As additional property is identified to satisfy the forfeiture money judgment, the Court must order the forfeiture of such property. *See* Fed. R. Crim. P. 32.2(e)(1) ("[T]he court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or . . . is substitute property . . . ."); *see also* Fed. R. Crim. P. 32.2(b)(2)(C).

The amount of the money judgment should represent the full sum of directly forfeitable property, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule); *see also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order."). The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The Court in imposing a forfeiture money judgment may rely on an agent's reliable hearsay. *See United States v. Stathakis*, 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008).

### C. Property Subject to Forfeiture in Instant Criminal Case

According to the Defendant's Factual Proffer, beginning in early 2013, and continuing until sometime after mid-2016, Defendant was part of a group of co-conspirators who became involved in and carried on the purchase and sale of diverted pharmaceuticals. Factual Proffer ¶ 1, ECF No. 1045. Defendant assisted two other coconspirators, Mohammad Salemi and Jorge Paiz, in purchasing a licensed pharmaceutical wholesale company based in Puerto Rico. *Id.* at ¶ 3. Costa

4

helped finance both purchases and made initial contact with sellers to negotiate the sales price.

Thereafter, Defendant started providing for the delivery of quantities of diverted pharmaceuticals to Salemi and Paiz. *Id.* at ¶ 4. Salemi and other coconspirators arranged to sell large quantities of these drugs to Joshua Joles, who managed LLC Wholesale Supply in Arizona. *Id.* at ¶ 5.

In January 2016, Defendant had Paiz provide him with $384,000 to pay for a house, the Property. *See id.* at ¶ 6. The money had been obtained through the sales of diverted drugs that Defendant had arranged to be supplied to Paiz, which Paiz had sold to conspirator Joles at LLC Wholesale Supply in Arizona. *Id.* Paiz provided the money to the Defendant in exchange for the Defendant having engaged him in the business. *Id.*

Defendant continued to receive proceeds from the sale of diverted pharmaceuticals after he was incarcerated for a prior offense. *See id*. at ¶ 8.

The sales of diverted drugs took place in the course of the conspiracy that Defendant helped initiate and organize involved millions of dollars, which was laundered through various shell corporations. *Id.* at ¶ 9. Costa received hundreds of thousands of dollars in proceeds from the sale of diverted drugs by the defendants he had set up in the business. PSI at ¶ 167, ECF No. 1068. The approximate total amount of adulterated and misbranded drugs was $78 million. *Id.*

Based on the record in this case, the total value of the property involved in Count 3 is $78 million, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1): real property located at 7441 SW 125th Avenue, Miami, Florida 33183, including all buildings, fixtures, appurtenances, improvements,

attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.

Parcel Identification No. 30-4936-043-0110.

Accordingly, pursuant to 18 U.S.C. § 982(a)(1), and Fed. R. Crim. P. 32.2, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment against the Defendant; the forfeiture of specific property; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Local Rule 88.9, I hereby certify that the undersigned counsel has attempted to confer with defense counsel via e-mail on January 30, 2025 regarding the Defendant's position on the relief sought, but has not yet received a response.

Respectfully submitted,

HAYDEN O'BYRNE
UNITED STATES ATTORNEY

By:  */s/ Nicole Grosnoff*
Nicole Grosnoff
Assistant United States Attorney
Court ID No. A5502029
nicole.s.grosnoff@usdoj.gov
U.S. Attorney's Office
99 Northeast Fourth Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089