UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-GAYLES(s)(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

STEPHEN MANUEL COSTA,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Stephen Manuel Costa ("Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On May 8, 2024, a federal grand jury returned a Sixth Superseding Indictment charging the Defendant in Count 3 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Sixth Superseding Indictment, ECF No. 927. The Sixth Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 10. The Indictment alleged that the property subject to forfeiture as a result of the alleged offense includes, but is not limited to: real property located at 7441 SW 125th Avenue, Miami, Florida 33183 ("Property"). *See id.*

On November 14, 2024, the Court accepted the Defendant's guilty plea to Count 3 of the Sixth Superseding Indictment, among another count. *See* Minute Entry, ECF No. 1043; Plea

Agreement ¶ 1, ECF No. 1044. As part of the guilty plea, the Defendant agreed to the forfeiture of the Property and a forfeiture money judgment in the amount of no more than $78 million. Plea Agreement ¶ 9, ECF No. 1044

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 1045. The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report, ECF No. 1068.

According to the Defendant's Factual Proffer, beginning in early 2013, and continuing until sometime after mid-2016, Defendant was part of a group of co-conspirators who became involved in and carried on the purchase and sale of diverted pharmaceuticals. Factual Proffer ¶ 1, ECF No. 1045. Defendant assisted two other coconspirators, Mohammad Salemi and Jorge Paiz, in purchasing a licensed pharmaceutical wholesale company based in Puerto Rico. *Id.* at ¶ 3. Costa helped finance both purchases and made initial contact with sellers to negotiate the sales price.

Thereafter, Defendant started providing for the delivery of quantities of diverted pharmaceuticals to Salemi and Paiz. *Id.* at ¶ 4. Salemi and other coconspirators arranged to sell large quantities of these drugs to Joshua Joles, who managed LLC Wholesale Supply in Arizona. *Id.* at ¶ 5.

In January 2016, Defendant had Paiz provide him with $384,000 to pay for a house, the Property. *See id.* at ¶ 6. The money had been obtained through the sales of diverted drugs that Defendant had arranged to be supplied to Paiz, which Paiz had sold to conspirator Joles at LLC Wholesale Supply in Arizona. *Id.* Paiz provided the money to the Defendant in exchange for the Defendant having engaged him in the business. *Id.*

Defendant continued to receive proceeds from the sale of diverted pharmaceuticals after he was incarcerated for a prior offense. *See id*. at ¶ 8.

The sales of diverted drugs took place in the course of the conspiracy that Defendant helped initiate and organize involved millions of dollars, which was laundered through various shell corporations. *Id.* at ¶ 9. Costa received hundreds of thousands of dollars in proceeds from the sale of diverted drugs by the defendants he had set up in the business. PSI at ¶ 167, ECF No. 1068. The approximate total amount of adulterated and misbranded drugs was $78 million. *Id.*

Based on the record in this case, the total value of the property involved in Count 3 is $78 million, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(1): real property located at 7441 SW 125th Avenue, Miami, Florida 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.

Parcel Identification No. 30-4936-043-0110.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $78 million is entered against the Defendant.

2. Pursuant to 18 U.S.C. § 982(a)(1), the following specific property is forfeited and vested in the United States of America: real property located at 7441 SW 125th Avenue, Miami, Florida 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. Pursuant to 21 U.S.C. § 853(g), no party other than the United States may sell, alienate, alter title, or otherwise dispose of the forfeited property absent further Court order.

5. Also pursuant to 21 U.S.C. § 853(g), the United States is further authorized to inspect the real property listed in this Order. The inspection should, among other things, enable the United States to appraise the condition and value of the real property, and permit the United States to take inventory of fixtures on the real property, including the use of still and video photography of the premises.

6. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

7. The United States shall post a notice of forfeiture upon forfeited real property with a copy of this Order.

8. If, however, pursuant to 28 U.S.C. § 524(c)(1)(D) and 28 CFR § 0.111(i), the United States intends to pay valid liens on forfeited property in full, then the United States is not required to send notice to those lienholders.

9. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

11. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this _____ day of _____ 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE