UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-GAYLES(s)(s)(s)(s)(s)(s)

**UNITED STATES OF AMERICA**

v.

**STEPHEN MANUEL COSTA,**

      **Defendant.**

**ANNIE GONZALEZ,**

      **Claimant.**

**STIPULATION AND SETTLEMENT AGREEMENT ON REAL PROPERTY LOCATED AT 7441 SW 125th AVENUE, MIAMI, FLORIDA 33183**

The United States and Claimant Annie Gonzalez (collectively, "Parties") stipulate and agree that:

1. The Parties agree to resolve this matter consistent with the sound policy favoring settlement of legal disputes without resort to unnecessary litigation.

2. The Court has jurisdiction over the Parties and the subject matter of this Stipulation and Settlement Agreement ("Agreement").

3. The Agreement is subject to the approval by the Court, and a violation of any term or condition shall be construed as a violation of an order of the Court.

4. On March 27, 2025, pursuant to 18 U.S.C. § 982(a)(1), the Court entered a Preliminary Order of Forfeiture, ECF No. 1088, forfeiting, subject to third-party interests, the following property to the United States: real property located at 7441 SW 125th Avenue, Miami,

Florida 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.
>
> Parcel Identification No. 30-4936-043-0110 ("Property").

5. The Preliminary Order of Forfeiture further entered a forfeiture money judgment in the amount of $78,000,000.00 against Defendant Stephen Manuel Costa. *Id.* The entire balance of the forfeiture money judgment remains unpaid.

6. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, ECF No. 1100; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

7. Claimant has asserted an interest in the Property, claiming an interest based on her titled ownership interest in the Property as set forth in the deed instrument dated July 16, 2025, and recorded at Book 29700 and Page 1120 in the Public Records of Miami-Dade County. *See* 21 U.S.C. § 853(n)(6).

8. No other party has asserted an interest in the Property, and the deadline for doing so has expired.

9. This Agreement does not negate any other financial obligations that Claimant owes or may owe to the United States, including, but not limited to, tax obligations, fines, penalties, or restitution.

10. Claimant, including her representatives, agents, heirs, relatives, and assigns, hereby withdraws all claims and waives any answer and defense that Claimant has or might have against the United States and all agents, officers, employees, and contractors thereof ("Released Parties"),

relating to the investigation, seizure, and forfeiture of the Property, including but not limited to any claim for lost profits, lost interest, or excessive fines under the Eighth Amendment of the United States Constitution.

11. Claimant agrees to release and hold harmless the Released Parties from all claims that currently exist or that may arise as a result of the United States' actions against and relating to the Property.

12. In lieu of forfeiture of the Property by the United States, the Parties agree that Claimant is authorized to cause the Property to be listed with an independent listing agent in order to sell the Property, for a period of up to 90 days, to be approved by the Parties  In the event the Property is not sold with 90 days of the Court's approval of the Agreement, the United States reserves the right to list the Property with a listing agent contracted by the United States and its agencies and contractors in order to sell the Property. The United States reserves the right to grant an extension of the deadline for Claimant to sell the Property in its sole discretion.

13. The Parties agree that neither the Claimant nor the Defendant shall receive any benefit in any way, financially or otherwise, from any listing agent, broker, or closing agent.

14. The Parties agree that the maximum total agent or broker fee allowed for the sale of the Property shall be no greater than 6.00%.

15. The Parties agree that any preexisting valid mortgages, liens, fees, assessments, or other encumbrances recorded against the Property shall be paid in full upon closing of title to the Property, as set forth in closing documents.

16. Claimant agrees to provide the United States with a copy of the sales contract before entering into a contract to sell the Property. The United States reserves the right to reject any offer made for the purchase of the Property. If Claimant objects to the rejection of the offer, the Parties

will request a hearing before the Court to resolve the dispute. The Court's decision shall be binding on all Parties. Claimant also agrees to provide the United States with a copy of the closing statement prior to closing of the sale of the Property.

17.     The parties agree that out of the net proceeds of the sale of the Property, Claimant shall receive 30% of the net proceeds of the sale. The remaining 70% of the net proceeds shall be remitted to the United States ("Settlement Payment") upon the closing of the sale and shall be included as a line item in the closing statement. Payment instructions shall be provided by the United States.

18.     Claimant agrees to the final forfeiture of the Settlement Payment, and upon receipt of the Settlement Payment, all right, title, and interest in the Settlement Payment shall vest in the United States.

19.     For purposes of this Agreement, the term net proceeds from the sale shall mean the sale price of the Property, less the amounts payable for expenses incurred in connection with the sale as they appear on the closing documents and settlement statement for the transaction, and as approved by the United States Attorney's Office for the Southern District of Florida.

20.     The Parties agree that upon closing of title to the Property, and receipt by the United States of the Settlement Payment, the United States shall dismiss the forfeiture proceedings against the Property and release its *lis pendens* previously recorded for the Property.

21.     Claimant shall not commit, nor allow any act to be done to diminish or otherwise alter the value of the Property. Claimant agrees that she will not take any action to encumber, transfer, dispose of or cloud the title to the Property until the Settlement Payment is made to the United States. Claimant also agrees that she shall continue to be responsible for all real property taxes, liens, and other claims and encumbrances against the Property until the Settlement Payment

is made.

22. Claimant represents that neither the Claimant, nor the Defendant, nor any person acting in concert with them, nor any person acting on their behalf will acquire, through any manner or means whatsoever, any interest in the Property upon the sale and closing of title.

23. The Settlement Payment shall be applied to the outstanding balance of the Defendant's forfeiture money judgment.

24. Claimant acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. § 3716 and administered through the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state. Accordingly, Claimant acknowledges that if the Property is sold by the United States under the conditions set forth in Paragraph 12 above, any payment to the Claim may be reduced under the conditions set forth in this paragraph.

25. Each of the Parties agrees to bear its own costs and attorney's fees.

26. Claimant has read and fully understands each provision of the Agreement, and has freely and voluntarily signed the Agreement.

27. The Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.

[THIS SPACE INTENTIONALLY LEFT BLANK]

28. The Agreement contains the entire agreement between the Parties.

FOR CLAIMANT:

10/17/25
Date

_____
Annie Gonzalez
Claimant

10/27/25
Date

_____
Frank Andrew Prieto
Counsel for Claimant

FOR THE UNITED STATES OF AMERICA:

JASON A. REDING QUIÑONES
United States Attorney

10/27/2025
Date

_____
Nicole Grosnoff
Assistant United States Attorney