UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-GAYLES(s)(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

STEPHEN MANUEL COSTA,

    Defendant.

**UNITED STATES' MOTION FOR FINAL ORDER OF FORFEITURE**

Pursuant to 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States move for the entry of a Final Order of Forfeiture in the above-captioned matter. In support of this motion, the United States provides the following factual and legal bases.

1. On March 27, 2025, pursuant to 18 U.S.C. § 982(a)(1), the Court entered a Preliminary Order of Forfeiture, ECF No. 1088, forfeiting, subject to third-party interests, the following property to the United States: real property located at 7441 SW 125th Avenue, Miami, Florida 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.
>
> Parcel Identification No. 30-4936-043-0110 ("Property").

2. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, Dkt. No. 1100; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

3. Direct notice was sent to any person who reasonably appeared to be a potential

claimant with standing to contest the forfeiture, including all titled owners of the Property, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1). *See* Exhibit A (Direct Notice and Confirmation of Receipt).

4. The notice advised that any person, other than the defendant in the above-captioned case, asserting a legal interest in the property sought for final forfeiture may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. In addition, on April 4, 2025, the notice was posted on the real property sought for final forfeiture in an open and conspicuous manner by law enforcement agents. *See* Return of Executed Service, Dkt. No. 1092.

6. On December 3, 2025, the Court approved a Stipulation and Settlement Agreement, which resolved Claimant Annie Gonzalez's ("Claimant") claim to the Property. *See* Order, Dkt. No. 1174; *see also* Stipulation and Settlement Agreement, Dkt. No. 1164-1 ("Agreement"). The terms of the Agreement provided that in lieu of forfeiture of the Property by the United States, Claimant was authorized to sell the Property. The parties agreed that out of the net proceeds of the sale proceeds of the Property, Claimant would receive 30% of the net proceeds of the sale. The remaining 70% of the net proceeds shall be remitted to the United States ("Settlement Payment") upon the closing of the sale.

7. On or about February 13, 2026, Claimant remitted the Settlement Payment, which totaled approximately $963,055.76 to the United States.

8. The time period for filing a petition claiming an interest in the property sought for

final forfeiture has expired, and no other petition or claim has been filed.

9. Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of and/or if no timely petitions have been filed, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Accord* Fed. R. Crim. P. 32.2(c)(2).

10. Therefore, the United States is entitled to a Final Order of Forfeiture that vests in the United States clear title to in the following property: Approximately $963,055.76 in lieu of real property located at 7441 SW 125th Avenue, Miami, Florida 33183.

11. As previously noted, the United States is not pursuing the final forfeiture of the Property as part the Agreement. *See supra* ¶ 6.

12. Accordingly, the Court should amend the Preliminary Order of Forfeiture by dismissing forfeiture proceedings against the following asset, and ordering its release: real property located at 7441 SW 125th Avenue, Miami, Florida 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.

*See* Fed. R. Crim. P. 32.2(c)(2); 21 U.S.C. § 853(n)(6).

Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, the United States request that the Court enter the proposed Final Order of Forfeiture and for such other relief that it deems just and proper.

## **LOCAL RULE 88.9 CERTIFICATION**

Pursuant to Local Rule 88.9, I certify that the undersigned counsel has conferred with Claimant's counsel via e-mail on March 3, 2026, and there is no opposition/objection to the relief sought.

The undersigned did not confer with counsel for Defendant because Defendant has no standing to object to a final order of forfeiture. The Preliminary Order of Forfeiture was final as to the Defendant. Fed. R. Crim P. 32.2(b)(4)(A); *see also, e.g.*, *United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir. 2019) ("Forfeiture divests a criminal defendant of property that can be described generally as the fruits of his crime" and is final as to the defendant when preliminary order entered; defendant lacked standing to appeal district court's order granting government's motion for partial vacatur of final order of forfeiture of two shell corporations because defendant's interest had been extinguished by preliminary order of forfeiture; partial vacatur did not restore any interest to defendant, who suffered no injury from its entry). Thus, because Defendant's interest in the Property has been forfeited, he lacks Article III standing to challenge a final order of forfeiture. *See United States v. Devlin*, 2019 WL 1914230, at *1 (11th Cir. Mar. 18, 2019) (dismissing the defendant's challenge to final order of forfeiture because he lacked standing; his interest in the property was extinguished by preliminary order of forfeiture, so final order of forfeiture did not affect any of defendant's rights) (internal citations omitted); *United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014) (defendant lacks standing to challenge a final order of forfeiture because the order does not affect the defendant's right); Fed. R. Crim. P. 32.2.

Respectfully submitted,

**JASON A. REDING QUIÑONES**
**UNITED STATES ATTORNEY**

By:    <u>*/s/ Nicole Grosnoff*</u>
       Nicole Grosnoff
       Assistant United States Attorney
       Court ID No. A5502029
       nicole.s.grosnoff@usdoj.gov
       U.S. Attorney's Office
       99 Northeast Fourth Street, 7th Floor
       Miami, Florida 33132-2111
       Telephone: (305) 961-9294
       Facsimile: (305) 536-4089