UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 19-CR-20674-GAYLES(s)(s)(s)(s)(s)**

UNITED STATES OF AMERICA

v.

STEPHEN MANUEL COSTA,

    Defendant.

## FINAL ORDER OF FORFEITURE

This matter is before the Court upon motion of the United States for entry of a Final Order of Forfeiture ("Motion"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

1. On March 27, 2025, pursuant to 18 U.S.C. § 982(a)(1), the Court entered a Preliminary Order of Forfeiture, ECF No. 1088, forfeiting, subject to third-party interests, the following property to the United States: real property located at 7441 SW 125th Avenue, Miami, Florida 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.
>
> Parcel Identification No. 30-4936-043-0110 ("Property").

2. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of 30 days. *See* Decl. of Publication, Dkt. No. 1100; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

3. Direct notice was sent to any person who reasonably appeared to be a potential

claimant with standing to contest the forfeiture, including all titled owners of the Property, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1). *See* Exhibit A (Direct Notice and Confirmation of Receipt).

4. The notice advised that any person, other than the defendant in the above-captioned case, asserting a legal interest in the property sought for final forfeiture may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. In addition, on April 4, 2025, the notice was posted on the real property sought for final forfeiture in an open and conspicuous manner by law enforcement agents. *See* Return of Executed Service, Dkt. No. 1092.

6. On December 3, 2025, the Court approved a Stipulation and Settlement Agreement, which resolved Claimant Annie Gonzalez's ("Claimant") claim to the Property. *See* Order, Dkt. No. 1174; *see also* Stipulation and Settlement Agreement, Dkt. No. 1164-1 ("Agreement"). The terms of the Agreement provided that in lieu of forfeiture of the Property by the United States, Claimant was authorized to sell the Property. The parties agreed that out of the net proceeds of the sale proceeds of the Property, Claimant would receive 30% of the net proceeds of the sale. The remaining 70% of the net proceeds shall be remitted to the United States ("Settlement Payment") upon the closing of the sale.

7. On or about February 13, 2026, Claimant remitted the Settlement Payment, which totaled approximately $963,055.76 to the United States.

8. The time period for filing a petition claiming an interest in the property sought for final forfeiture has expired, and no other petition or claim has been filed.

9. Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of and/or if no timely petitions have been filed, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Accord* Fed. R. Crim. P. 32.2(c)(2).

10. Therefore, the United States is entitled to a Final Order of Forfeiture that vests in the United States clear title to in the following property: Approximately $963,055.76 in lieu of real property located at 7441 SW 125th Avenue, Miami, Florida 33183.

11. As previously noted, the United States is not pursuing the final forfeiture of the Property as part the Agreement. *See supra* ¶ 6.

12. Accordingly, the Court should amend the Preliminary Order of Forfeiture by dismissing forfeiture proceedings against the following asset, and ordering its release: real property located at 7441 SW 125th Avenue, Miami, Florida 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.

*See* Fed. R. Crim. P. 32.2(c)(2); 21 U.S.C. § 853(n)(6).

Accordingly, based on the foregoing, the evidence of record, and for good cause shown, the Motion is **GRANTED**, and it is **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, all right, title, and interest in the following property is hereby finally forfeited to and vested in the United States of America: Approximately $963,055.76 in lieu of real property located at 7441 SW 125th Avenue, Miami, Florida 33183.

2. Any duly authorized law enforcement official may seize and take immediate

possession of the property, exercising any and all incidents of ownership with respect thereto, and dispose of such property in accordance with law.

13. Pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(6), forfeiture proceedings are dismissed against the following property, and such property shall be released: real property located at 7441 SW 125th Avenue, Miami, Florida 33183, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

> Also known as: Lot 11, Block 1, Red Berry Estates, according to the plat thereof as recorded in Plat Book 170, Page 28, Public Records of Miami-Dade County, Florida.

*See* Fed. R. Crim. P. 32.2(c)(2); 21 U.S.C. § 853(n)(6).

3. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**SO ORDERED** in Chambers at Miami, Florida, this _____ day of March 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE